PER CURIAM:
Claimant brought this action for damage to her Ford Contour which occurred when she was traveling on Route 19/21 in Raleigh County and her vehicle struck a large hole on the edge of the road. This portion of Route 19/21 is maintained by the respondent in Raleigh County. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
The incident giving rise to this claim occurred on November 17, 2001, at approximately 8:00 a.m. The weather was clear and the road surface was dry. Ms. Ellison was traveling Route 19/21 on her way to see her mother in Oak Hill. At this location, Route 19/21 is a two-lane road with a double yellow line and white lines on the edges. Claimant was traveling approximately thirty to thirty-five miles per hour as she was approaching a red light. At the location of this incident, there is a left turning lane for traffic to turn onto South Fayette Street. Prior to the designated location for the left turn, there is a restricted lane of travel with yellow lines. The claimant testified that there was a truck that drove into the turning lane too soon and was within the restricted lane. The truck was very close to claimant’s vehicle. In order to avoid contact, claimant drove her vehicle slightly to the left where it struck a large hole on the edge of the road. The impact destroyed the two passenger side tires and wheels. The hole was approximately eight and a quarter inches deep and extended from the edge of the road and covered a small portion of the white edge line. Claimant described the hole as very jagged and sharp around the edges. She testified that she knew the hole was present and that it had been there since June or July of 2001. Further, she had called respondent’s office to report this hole as well as other problems along the same stretch of road in approximately June of 2001 prior to the incident. Ms. Ellison submitted a repair estimate for the two wheels in the amount of $132.64. and a repair estimate in the amount of $105.89 for the two tires.
*202 Claimant asserts that respondent was negligent in its maintenance of Route 19/21 at this location and that its negligence created a hazardous condition for the traveling public.
Respondent contends that it did not have a reasonable amount of time to repair this location following the heavy rain damage to the highways in Raleigh County and that under the circumstances it adequately maintained route 19/21.
Michael B. Allen, employed by respondent in Raleigh County as a foreman, testified that his responsibilities include maintaining and monitoring the roads under his responsibility. This portion of Route 19/21 is within his responsibility and he is familiar with the location of this incident. He stated that Route 19/21 is a high priority road and is heavily traveled. Mr. Allen was aware that the shoulder of the road was in poor condition at this location due to the heavy rains that occurred during the prior summer months. He testified that there were higher priority routes and locations to repair before reaching this particular hole on the edge of the road.
It is a well established principle of law in this State that respondent is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va. 1947). For the respondent to be held liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to make adequate repairs. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16Ct. Cl. 8 (1985).
In this claim, the evidence established that this portion of Route 19/21 presented a hazard to the traveling public. The size of this hole, its location in the road, and the fact that respondent knew that it existed leads the Court to conclude that respondent had notice of this hazardous condition and an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent in this claim and claimant may make a recovery for her damages.
Accordingly, the Court makes an award to claimant in the amount of $238.53. Award of $238.53.